The next case called is number 121450, agenda number six, People v. Bailey. Counsel for appellant, are you ready? Okay. Napoli. May it please the court, Jessica Arizo on behalf of Dennis Bailey. The issue here today is whether under the post-conviction statute the state can participate at the preliminary pre-proceeding stage by filing an objection to the petitioner's motion for leave to file the successive post-conviction petition. The post-conviction statute does not authorize any input at this stage and is silent on the input of the state until second stage proceedings. Under Galtney, this court found that at the first stage in the initial post-conviction proceeding, the judge should be the only one to determine whether or not the petition should move on to the second stage and that the state should remain silent during that decision. The same analysis should apply here where the cause and prejudice test at the successive post-conviction petition stage, if successful, ends up at the same place that an initial petition ends up if it is moved to the second stage. Where they both end up at the second stage with the appointment of counsel and then the state has an opportunity to respond to the petition at that point. And we know this from Rice that if a petitioner is granted leave to file, it moves on to the second stage. So it's not as though the leave to file stage is something wholly separate. After the petition is allowed to be filed, it goes to that same second stage and in the statute at that point, the state can file their motion to dismiss. Is this a case, counsel, of both positions having some solid analytical support and this court just deciding what it thinks is best in proceeding forward? The statute, I think, provides no input at the first stage. And this court should determine that where the statute doesn't say that the state can participate at this stage, that the state should remain silent until that second stage. We're not arguing that the state can never respond to this petition. At the second stage, the state's going to have their opportunity to file their motion to dismiss. If they think that the judge wrongly determined that there was cause, they could file in their motion that the issue was waived. It's not as though they are prevented from ever arguing against this petition. It's just that this first initial pre-proceeding stage that the judge should be the one to decide this on his or her own whether or not to move on to that next stage. What I was talking about is the act doesn't specifically authorize nor does it specifically prohibit, right? That's correct. Right. So what's the harm, let me put it that way, of the state weighing in on the sufficiency of this defendant's motion in this context? Is there harm involved in that? There is. Because what happens here at the first stage is the defendant's not present. And he certainly is not present with counsel. So what we have is the judge making a determination, not on his or her own, but with the legal input and argument from the prosecutor where the petitioner has no way to participate in that process. They have no attorney to speak on their behalf. So essentially, it's as though they're having to go up against an attorney without having one on their own and not even being present for the most part. So that's the harm. The harm is the judge, you know, the judge is, judges are, trial judges are capable of making the decision on their own. And they should do that without the state sort of making it an adversarial process by coming in and providing arguments that the defendant can never rebut because he's not there and he does not have an attorney. Does it make any difference that it's a successive versus an initial petition? It's our argument that it does not, at this initial pre-proceeding stage, the state should not participate. Whether it's a successive or whether it is an initial petition. And the reason for that is the successive petition already has a more difficult burden than at the initial stage. You have to prove, you have to demonstrate cause and prejudice. So the fact that the defendant already has this standard that he needs to overcome makes it more so that we should keep it the same as in the initial post-conviction proceeding and have it be just the judge being the one that makes the decision. There's already this, I believe, I can't remember the case that talked about it being a very difficult burden to overcome, an immense burden is this cause and prejudice. So why make it that much more insurmountable for a petitioner by, you know, having the state be able to argue when he is not represented by counsel and he is not present in court? Would you respond to two of the state's arguments? One, that the legislature has amended the statute but has never addressed this or in fact once tried to abrogate the Smith decision and it solved, it didn't go anyplace. Second, all of the appellate court decisions that have ruled on this have said it's okay. And I guess there's a third. The state said this is the motion stage. There's no prohibition on anyone filing an objection to a motion as opposed to the pleadings that set forth in the post-conviction hearing. Okay, we'll take those in order. So regarding the legislature, now we do know that the legislature did have a bill that went through the House and stalled in the Senate. But we don't know why it stalled. We don't know if the legislature decided that there was something else in the bill that didn't get it through. We don't know what the conversation was that led to it stalling. I mean, politicians discussing a bill, we can't say that the reason why it didn't pass the Senate was because they thought that the state should participate at the first stage. We just don't know that. So we don't take that as legislative acquiescence in the actions of the appellate courts? I don't believe so. Because of the fact that this court has not yet ruled on this issue, I can't say for sure that the legislature looked at these different appellate court decisions and decided that they agreed with that, and that's why the statute didn't go forward. The second... I'm sorry, which order? I forgot. The cases? I can ask you to respond to the cases. So the cases so far in the appellate court districts, let's start with Welch. So in Welch, the defendant in that case did have counsel, and that's part of our argument why Welch is not as applicable here and is distinguishable from this case. In Welch, the petitioner did have counsel who not only was present to argue, but also was the one that filed the motion for leave to file a successive post-conviction petition. And interestingly, in the dissent in People v. Bailey 1, Justice McDade said that she was actually on the panel who decided Welch, and they never did analysis in that case about whether the state should be prohibited from having input. All they said was the parties have not offered and we have not found any authority for prohibiting state input. And in her dissent, she said that they never really reached that issue, and for the cases to then follow to rely on Welch as sort of, you know, distinctly in setting forth this rule that the state is not prohibited, she's saying that that wasn't their intention. So then the cases that followed, like Crenshaw, for example, relied on Welch, and then the court here relied mostly in part on the other Bailey decision, which had relied on Welch and Crenshaw. So it's our position that the cases here haven't really dealt with this issue of whether the state can participate at this first stage when you have a defendant who is by himself without representation at the initial successive motion to file a successive post-conviction petition. I'm sorry, what was your third question? The state says, why can't we file an objection to any motion we're entitled to in any case because the statute is silent? Right. The statute here is silent, but the statute isn't silent when the state can participate. There's no mention of it at this first stage, but it does mention it at the second stage, that then the state can participate. The statute as a whole is truly not silent. And the cases that the state cited about when attorneys can file responses have nothing to do with the post-conviction context. Here, what we're saying is, we're talking about the fair process for this defendant to get an adequate judgment from the judge about whether or not he can file this petition, and the state should just not be able to participate at that point. I'd also like to address the state's argument that, essentially, the issue of whether or not the state had input is harmless because the judge, in their position, did not rely on the input from the state. In Galtney, this court said that, when the record gives no indication that the trial judge sought input from the state or relied on the motion to dismiss, we presume that the judge acted properly. In Galtney, the judge didn't mention the state's motion to dismiss, didn't talk about it, didn't speak with the judge. Clearly, in that case, you can say that the record gives no indication that they relied on the state's motion or sought any input. Here, we had the state filing an objection, the defendant filing a written response, and then the judge and the state having a discussion about the ins and outs of the cause and prejudice issue as discussed in the defendant's response. It's not as though it's in Galtney, where the judge is just taking the petition and going through the petition and determining whether or not to grant or move to file. They had a full conversation with the state about almost making light of the defendant's attempts on his own as a pro-state petitioner to argue cause and prejudice. It cannot be said here that the state, that the record gives no indication that the trial judge sought input from the state or relied on the state's motion. The record shows, in fact, that the judge did so. Again, I just want to point out that it's not an issue here of the state never getting a chance to respond. It's not the desire to have the state excluded from the process. It's just that this first stage, which is leave to file the successive post-conviction petition, you have a lot of petitions. Understandably, some of them are not going to be worth moving on to a second stage. The judge who is tasked with this task at the initial post-conviction stage, likewise here, should be tasked with determining on the judge's own accord whether or not the petition should be moved on. The state, at the second stage, then has the opportunity, once the defendant has an attorney, to then respond with their legal arguments as to why it should not proceed. Are there any other questions? You rely on Galtney. I think I dissented in that case. Was it on an issue that's involved in this case? Galtney, yes. I don't know if you dissented. I'm sorry, I don't know. Yes, but you? Galtney had to do with the state's input. The state should not participate at the first stage of an initial post-conviction petition proceeding. But we're arguing here that it should apply. It's a different issue. It's a very related issue. We're saying that the underlying reason in Galtney, the reasons why the state should not participate at the first stage under Galtney should also, likewise, apply here. Counsel, if we should affirm the appellate court and hold that the state may give input on whether the grant on the motion for leave to file a successive petition, would it require or fairness require that the defendant be there? So you're saying if you find that the state could participate on the filing? I think that fairness would require that the defendant not only be there, but there would have to be a question of whether or not he would be counseled. I know that's not what the law states now. He's not a permitted counsel until the second stage. But if you're going to allow the state to come in and provide legal argument, fairness would dictate that the defendant needs someone on his side as well to respond to that legal argument. And that would be our position. If there are no further questions, we would ask that this court remand for a new hearing in front of a different judge to determine whether or not Mr. Bailey should be able to file the successive post-conviction petition. Thank you. Mr. McLeish. Thank you, Your Honor. May it please the court, counsel, and Assistant Attorney General Brian McLeish on behalf of the people. So as the court noted, every appellate panel to consider this issue has held that the state may participate at the leave to file stage. And there's good reason for that. As this court has noted, successive petitions plague the finality of criminal litigation. And counsel herself noted that there are a lot of these petitions. There's no time limit on when a defendant can file one. There's no volume limit on how many he can file. And the court is tasked with going through every one of these and figuring out whether there's cause of prejudice has been fled. And it is different than an original post-conviction petition because the defendant has already had, as they report, at least one. And this defendant in particular is filing multiple. So in addition to the motion for leave to file successive post-conviction petition, he's filing declaratory actions and all that, and giving the state an opportunity to come in, sharpen the issues. And indeed, defendants here replied and gave his best evidence of what he thought allowed him to show cause of prejudice. So the state's response gave the defendant that opportunity. Mr. McLeish, though don't you think that the defendant in fairness should be there? So that's a different question. And it's not presented here, but it is presented in Shaw, which is a PLA. This court has recently granted, I think it's 120854, about whether the defendant has a right to be at a hearing if the state has objected and if there is a hearing on the issue. And it's clear that by the time there was a hearing here, the judge had made up his mind on the petition. Yes, Your Honor. The defendant wasn't there. The defendant was not at the hearing. So this was a hearing. It was the state's vote.  Yes. Yes, Your Honor, I do consider it a hearing. So the defendant should be there or not? That's unclear, and there's no case law on that. It hasn't been briefed. But I'm asking you the question. Yes, and I speak for the people of the state of Illinois, and I can't answer that question yet. And I think it's better decided in Shaw after being fully briefed. And however, so even if this court says that, you know, in fairness the defendant should have been there, then I think the reliance issue takes care of that here. Because the judge had, as the defendant noted, the judge had made up his mind about whether this, whether the file should be granted. And we're not actually defending the judge's comments about, you know, maybe poking fun at defendants' theory. However, the state merely acquiesced to that comment and just said, yes, that appears to be what he's arguing in his reply. So the judge decided this without the state's input. But you were there and filed something as an objection. The state filed an objection. And you're saying the judge didn't consider any of that? There's no indication that the judge relied on that. As indicated by the fact that the merits of this petition have never been argued, the merits of causing prejudice have not been argued in the appellate court or in this court. And the state's analysis section in that objection was one paragraph long. It was something like eight lines. It was very limited. Mostly laid out the facts, laid out the case law. But going back, so the appellate court decisions cannot be distinguished, especially if this court holds that there's a statutory, if 122-5 somehow prohibits the state from objecting. It has to overrule every appellate court decision that we've cited. And it has to overrule Guerrero, where this court, so in Guerrero, the attorney was present. So that is different. But the statute says nothing about whether an attorney is present. And that can't be a distinguishing factor if this is a statutory decision. The trial court there clearly relied on the state's participation. And this court held that it would apply an abuse of discretion standard because the judge had considered evidence from both sides and there had been cross-examination and had found facts. And so this court held that, I'm sorry, manifest error review was appropriate, not de novo review. So this court, in fact, relied on the state's participation in Guerrero. Is there any significance here to the fact, I believe, the defendant filed a response to the state's objection. Is that correct? That is correct. Does that have any effect on the analysis at all? No, Your Honor. And I think it gives us a good reason why the state should be able to participate in these hearings. It gave the defendant another opportunity to sharpen. The state gave its best objection. The defendant gave his best explanation for where this evidence was coming from. And the trial court determined it on that basis. And I'll note that while the statute is silent on whether the state has this opportunity, the statute is also silent on whether the state can argue cause and prejudice at the motion to dismiss stage. And if leave to file has been granted because a petitioner has adequately pleaded cause and prejudice, the state can't argue that leave to file should be denied. I mean, the petition is already before the court. So it's unclear exactly what procedure, exactly how that would take place and what the state would be allowed to argue and who would have the burden of proof. None of that's provided. Going back to the legislative history, it is true that this court has not cited the issue. Otherwise, we probably wouldn't be here. But the legislature knew this was an issue and declined to act. And we can't understand the legislature's motivation for that. But we do know that this issue was before them and they declined to act. Unless this court has further questions, we ask that it affirm the appellate court's decision. Thank you. Thank you. I'd like to address the state's comment that at the discussive stage, the defendant has already had his day in court and, therefore, the state can participate. Because this is a successive petition, the standard is already different. The petitioner already has to prove cause and prejudice. So it's already a more difficult standard than had it been an initial post-conviction petition. So that should not be a reason why the state should not then participate. Yes, they've already had an opportunity to file an initial petition, and that's why the cause and prejudice standard is, of course, at the successive stage. Regarding whether or not the judge had already made up his mind when he, I guess, got to court or before the hearing was held, the judge had already read the motion to dismiss from the state at that point. So it was not as though the judge was just going based on his own thoughts on the case, his own reading of the case. He had read the motion to dismiss and he had read Mr. Bailey's reply. So it was not as though he was just acting on his own. That, plus, as we discussed before, the conversation that they had showed that he did rely on the state's argument. I wanted to briefly mention Guerrero, which I did not talk about initially. Guerrero was a completely different kind of case than what we have here. I mean, counsel was appointed, there was a hearing, the defendant testified. It was a completely different scenario than what we have here. And this court later noted in Smith, not really referencing Guerrero, but it implies that the statute doesn't provide for an evidentiary hearing on cause and prejudice at this initial stage. So although Guerrero happened and there was essentially an evidentiary hearing, I don't think that that, because the court's ruling in Guerrero, which did not even address whether the state's input was proper, should have bearing on the case decision here. And finally, regarding what kind of response the state can have at the second stage regarding cause and prejudice. Well, the state doesn't necessarily need to argue that the successive petition should not have been granted leave to file. They can argue that the issues were waived, which is essentially cause. And they can argue the merits of the brief, which is essentially what the prejudice prong gets to. So they'll have their opportunity to address whether or not the issues have merit and whether or not they had been waived previously. So like we said before, the state will have their chance to respond. This court should find that they need to wait until the second stage when counsel is appointed. There are no further questions. Thank you. Seeing none, thank you. Case number 121450 will be taken under advisement as agenda number six. Mr. Rezo, Mr. McLeish, thank you for your arguments. You are excused.